**154 So. 452**

**SMITH v. DEANO.**

No. 32418.

March 26, 1934.

Rehearing Denied April 23, 1934.

McCloskey & Benedict, of New Orleans, for appellant.

William Donnaud, of New Orleans, for appellee.

LAND, Justice.

Plaintiff, as the holder and owner for value, before maturity, of a second mortgage note in the sum of $5,543.60, obtained judgment against defendant in the lower court, with interest and attorney's fees, and with recognition and enforcement of the mortgage.

From this judgment, defendant has appealed.

In an act of mortgage of date June 24, 1929, passed before Charles V. Macaluso, notary

public, defendant, Guy L. Deano, acknowledged that he was indebted to Joseph M. Bistes in the sum of $15,543.60, borrowed money, and for the payment of this sum executed three promissory notes, secured by a second mortgage on certain real estate, which defendant declared in the act of mortgage had been purchased by him from the Italian Homestead Association on the same date the mortgage was executed.

These notes are dated June 24, 1929, and are executed by defendant, payable to his own order and by him indorsed. Note No. 1 is for $5,000, and is payable on or before one year. Note No. 2 is for $5,000, and is payable on or before two years. Note No. 3 is for $5,543.60, and is payable on or before three years.

Each of these notes bears interest at the rate of 7 per cent. per annum from date until paid.

In the act of mortgage is also a stipulation for 5 per cent. attorney's fees should it be necessary to institute suit.

Plaintiff has brought suit on the third second mortgage note, with interest and attorney's fees.

In his answer, defendant admits the execution of the notes secured by second mortgage, but avers that these notes were issued by him as part of the purchase price of the property from Joseph M. Bistes, and that, while the property was taken in his (defendant's) name, it was done for convenience only, and was the property of the Victory Oil Company.

Defendant also avers that, at the time of the issuance of these notes by him, it was agreed, by and between him, acting for himself and on behalf of the Victory Oil Company, and Joseph M. Bistes, acting for himself and on behalf of the Star Checker Cab Company, that these notes should be paid by the sale and delivery by the Victory Oil Company to the Star Checker Cab Company of lubricating oils, greases, and gasolines.

Defendant denies in his answer that plaintiff is the holder and owner for value before maturity of the note sued on, and, in the alternative, avers that, if the note was purchased by plaintiff from Joseph M. Bistes, it was so acquired for an inadequate consideration.

As the secret equities pleaded by defendant do not appear upon the face of the act of mortgage or upon the face of any of the second mortgage notes issued under that act, it is obvious that plaintiff is not bound thereby, unless he had notice before or at the time the third mortgage note was purchased by him.

Plaintiff denies in his testimony most positively that he had any notice whatever as to any sale from Bistes to defendant, or as to the alleged agreement that these mortgage notes were to be paid for by delivery from the Victory Oil Company to Bistes, acting for the Star Checker Cab Company, in lubricating oils, greases, and gasoline.

Bistes also testified that he had never given any information whatever to plaintiff as to this alleged sale.

The defendant was present at the time of the sale of the note sued upon, and both the plaintiff and Bistes testified that no reference was made at that time, by either of

them, or by the defendant, as to such alleged sale, or as to such alleged agreement that these notes were to be so paid.

In our opinion, defendant has failed to prove that plaintiff had any knowledge of the secret equities pleaded by defendant in this case.

■ 2. It cannot be denied that plaintiff delivered to Bistes a bona fide check for the sum of $5,000 as the purchase price for the note of $5,543.60. The check was paid and is filed in evidence in this case. The note purchased was a second mortgage note. Bistes had attempted a number of times to sell it before it was purchased by plaintiff, but no purchaser could be had, because it was a second mortgage note, and was not considered first-class paper. Under the circumstances of the case, it cannot be said that an inadequate consideration was paid for the note.

■ 3. Bistes admits that he sold the property to the Victory Oil Company and that these second mortgage notes represented a part of the purchase price. But he denies that these notes were to be paid in lubricating oils, greases, and gasoline.

Whether or not they were to be so paid is a matter wholly immaterial to plaintiff, as he had no knowledge of the transaction.

Our conclusion is that plaintiff is a bona fide holder for value, before maturity, of the note sued on, and that the judgment appealed from is correct.

Judgment affirmed.

ST. PAUL, J., absent.